UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CESAR AUGUSTO ZOQUIER, *pro se*,

                Petitioner,

       -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

**SUMMARY ORDER**

08-CV-4587 (DLI)(LB)

DORA L. IRIZARRY, United States District Judge:

*Pro se* petitioner Cesar Augusto Zoquier, a federal prisoner presently confined in Phillipsburg Pennsylvania, brings what has been filed as a petition for a writ of habeas corpus pursuant to Title 28 USC Section 2241, which is in effect a request for immediate deportation. On November 21, 2006, judgment was entered sentencing petitioner to, *inter alia*, fifty-seven months of imprisonment. *United States v. Zoquier*, Docket No. 06-cr-45. On August 21, 2007, the United States Court of Appeals summarily affirmed the judgment of conviction. *See* Docket Entry # 21. The petition is denied for the reasons set forth below.

Discussion

Petitioner moves pursuant to 8 U.S.C. § 1252(h)(2)(a)[1] for immediate deportation alleging that he is eligible for such relief because he pled guilty to a non-violent offense. The Attorney General "is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (II) removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. §1231(a)(4)(B). Thus, it is the Attorney General and not this court who possesses

---

[1] Section 1252(h)(2)(a) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and is codified as 8 U.S.C. §1231(a)(4).

the discretion to grant petitioner the relief he seeks. *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam).

Moreover, it is well-settled that petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his sentence. 8 U.S.C. § 1231(a)(4)(D); *Thye*, 109 F.3d at 128; *Ndike v. United States*, No. 08 CV 1211, 2008 WL 4790943, at *1 (E.D.N.Y. Oct. 31, 2008) (denying motion for immediate removal); *Gil v. United States*, No. 07 CV 3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007) (same); *United States v. Munoz-Pulgo*, No. 01 CR 954, 2003 WL 22047210, at *1 (S.D.N.Y. Aug. 29, 2003) (denying motion for immediate deportation); *United States v. Gonzales*, No. 93 CR 1148, 1996 WL 391586, at *1 (E.D.N.Y. June 21, 1996) (same) (citing *Yepes v. United States*, No. 96 CV 2370, slip op. at 4 (E.D.N.Y. May 17, 1996); *Lim v. United States*, No. 96 CV 2369, slip op. (E.D.N.Y. June 12, 1996)).

## Conclusion

Accordingly, petitioner's request for immediate deportation or removal is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, NY
      March 13, 2009

                                    _____/s/_____
                                        DORA L. IRIZARRY
                                      United States District Judge